

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00544-CV

**IN THE INTEREST OF L.J.R.**

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA01389
Honorable Richard Garcia, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Karen Angelini, Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed:  November 14, 2018

AFFIRMED

Appellant Mother appeals the trial court's order terminating her parental rights to her child, L.J.R.[1]  The only issue presented by Mother is whether the evidence is legally and factually sufficient to support the trial court's finding that termination was in the child's best interest.  We affirm the trial court's order.

### BACKGROUND

On June 27, 2017, the Texas Department of Family and Protective Services ("Department") filed its original petition to terminate parental rights.  In the supporting affidavit, Department caseworker Jasmine Mitchell states the Department received a referral alleging neglectful

---

[1] To protect the identity of a minor child in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and the child by its initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

supervision and physical abuse by Mother. According to the affidavit, the referral additionally alleged drug use and physical abuse. Also according to the affidavit, Mitchell visited Mother's home on June 26, 2017. Mitchell observed the home "to have no lights, food, trash spread across the floor and holes in the wall." Mother and Father[2] "reported they didn't have anywhere to live, no lights, no food, no money, and no bed for [L.J.R.]." According to L.J.R.'s maternal grandmother, Mother and Father currently used drugs, specifically synthetic marijuana, which is also identified as "spice." The grandmother further reported Mother's mental health was untreated, Mother self-medicated with drugs, and that Father belonged to a "Cartel gang." Mitchell removed L.J.R. from the home, and L.J.R. was subsequently placed in foster care.

The trial court held a bench trial on May 21, 2018, at which Mother appeared by phone. On July 23, 2018, the trial court signed an order terminating Mother's parental rights.

## STANDARD OF REVIEW AND STATUTORY REQUIREMENTS

To terminate parental rights pursuant to section 161.001 of the Texas Family Code, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1); and (2) that termination is in the best interest of the child. *See* TEX. FAM. CODE ANN. §§ 161.001, 161.206(a); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). In this case, the trial court found evidence of four predicate grounds to terminate Mother's parental rights.[3] The trial court also found termination of Mother's parental rights was in the best interest of the child.

---

[2] The Department's reports and other paperwork identify A.R. as the Father of L.J.R. However, the results of a paternity test verified A.R. is not L.J.R.'s biological father, and Father was dismissed as a respondent on July 23, 2018. However, for purposes of this appeal, he is identified as "Father."

[3] The trial court found evidence Mother

> knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, …; engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional

When reviewing the sufficiency of the evidence, we apply the well-established standards of review. *See* TEX. FAM. CODE ANN. §§ 101.007, 161.206(a); *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency); *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005) (legal sufficiency).

### BEST INTERESTS

In determining whether a child's parent is willing and able to provide the child with a safe environment, we consider the factors set forth in Family Code section 263.307(b). *See* TEX. FAM. CODE ANN. § 263.307(b). We also apply the non-exhaustive *Holley* factors to our analysis.[4] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Evidence that proves one or more statutory ground for termination may also constitute evidence illustrating that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) (holding same evidence may be probative of both section 161.001(b)(1) grounds and best interest, but such evidence does not relieve the State of its burden to prove best interest). "A best interest analysis may consider circumstantial evidence, subjective factors, and the totality of the evidence as well as the direct evidence." *See In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied). "A trier of fact may measure a parent's future conduct by his past conduct and determine whether termination of parental rights is in the child's best interest." *Id.*

---

well-being of the child, …; constructively abandoned the child …; [and] failed to comply with the provisions of a court order …[.]

*See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O).

[4] These factors include: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) any present or future emotional and physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist the individuals seeking custody to promote the child's best interest; (6) the plans for the child by the individuals or agency seeking custody; (7) the stability of the home or proposed placement; (8) the parent's acts or omissions which may indicate that the existing parent-child relationship is improper; and (9) any excuse for the parent's acts or omissions. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re E.C.R.*, 402 S.W.3d 239, 249 n.9 (Tex. 2013).

### DISCUSSION

Mother contends the evidence is legally and factually insufficient to support the trial court's determination that termination of her parental rights is in L.J.R.'s best interest. Mother testified on her own behalf that Mitchell's affidavit stating there was no food in the home at the time of the referral was incorrect. According to Mother, she fed L.J.R. well. Mother also testified that, although she was arrested for domestic violence at the time of the referral, Father recanted his statements. Mother acknowledged the domestic violence case was ongoing, and admitted during her cross-examination that she has two outstanding warrants for her arrest in Bexar County.

Mother testified that she has not used synthetic marijuana since March 7, 2017, and that she has remained sober since the inception of the underlying case. Mother acknowledged that she has not attended drug classes as required, but stated she is on waiting lists for both inpatient and outpatient treatment. According to Mother, she is also on waiting lists for domestic violence, anger management, and parenting classes as well. Mother acknowledged she had not completed any classes as of the time of the trial but asked the trial court for more time to complete her services.

Mother further testified that she and Father moved to California to live with Father's mother, after staying with a friend for a while following L.J.R.'s removal. Mother stated she moved from California to Minnesota when she left the abusive relationship with Father. Mother testified she was living with a family member in Minnesota, but was not working because of PTSD and anxiety. Nevertheless, Mother asserted she is in a position for L.J.R. to live with her. *See In re J.R.W.*, 14-1200850-CV, 2013 WL 507325, at *9 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, pet. denied) ("A parent who lacks stability, income, and a home is unable to provide for a child's emotional and physical needs.").

Department legal caseworker Alicia Craft, who became involved with the case in June 2017, testified L.J.R. was four years' old at the time of the trial and currently placed in a foster-to-

adopt home. According to Craft, L.J.R.'s placement was going "spectacularly well" and L.J.R. was well-bonded with her foster parents and her foster brothers. Craft testified L.J.R. was comfortable in the foster home, attending Pre-K, and taking part in baseball and gymnastics. Craft further testified that L.J.R. identifies her foster mother as her only mother and refers to the foster brothers as her brothers. *See In re J.D.*, 436 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (factfinder may consider whether children have bonded with foster family and are well-cared for when children are too young to express their desires).

Craft additionally testified regarding Mother's engagement in her service plan. According to Craft, Mother has not completed several aspects of her service plan, including: attending classes for domestic violence as a perpetrator, anger management, and parenting; attending drug treatment; following up with individual therapy recommendations; or addressing pending criminal charges. *See In re E.C.R.*, 402 S.W.3d 239, 249 (Tex. 2013) (evidence that the appellant failed to comply with the court-ordered service plan supported the trial court's best-interest determination). Craft further testified Mother visited L.J.R. only three of forty-five available visits, the most recent being in July 2017. *See In re R.B.*, 200 S.W.3d 311, 316 (Tex. App.—Dallas 2006, pet. denied) (indicating that a parent's missed visits and late arrival to visits serve as an example of acts or omissions indicating termination is in the children's best interests).

Having reviewed the record and considered all the evidence in the appropriate light for each standard of review, we conclude the trial court could have formed a firm belief or conviction that termination of Mother's parental rights was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re H.R.M.*, 209 S.W.3d at 108; *In re J.P.B.*, 180 S.W.3d at 573; *see also generally In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (recognizing an appellate court need not detail the evidence if affirming a termination judgment).

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's order terminating Mother's parental rights.

Irene Rios, Justice